**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Julia Bavaro and Nathan Blose, <br><br> *on behalf of themselves and those similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> JC Washington, *et al.*, <br><br> Defendants. | Case No. 2:18-cv-00982-RCM |

**JOINT MOTION TO REOPEN AND FOR SETTLEMENT APPROVAL**

The parties jointly request that the Court reopen this case, grant final approval to the parties' Settlement Agreement, attached as Exhibit 1, and dismiss this case with prejudice, but to retain jurisdiction to enforce the settlement agreement. The proposed Settlement Agreement resolves Plaintiffs' individual claims and is fair, adequate, and reasonable, as discussed in the attached memorandum in support.

Respectfully submitted,

*/s/ Andrew Biller (via email authorization)*
Gregory G. Paul (PA ID #83334)
100 First Ave., Suite 1010
Pittsburgh, PA 15222
(412) 259-8375
(888) 822-9421 (fax)
Gregpaul@morgan-paul.com

Andrew R. Biller (0081452)
Biller & Kimble, LLC
4200 Regent Street, Suite 200
Columbus, OH 43219
Telephone: (614) 604-8759
Facsimile: (614) 340-4620
*abiller@billerkimble.com*

*/s/ Matthew R. Korn*
Matthew R. Korn (admitted *pro hac vice*)
Fisher & Phillips LLP
1320 Main St., Suite 750
Columbia, SC 29201
Telephone: (803) 255-0000

Heather Steele
Fisher & Phillips LLP
150 N. Radnor Chester Road
Suite C300
Radnor, Pennsylvania 19087
Telephone: (610) 230-2134
*Counsel for Defendants*

1

Andrew P. Kimble (0093172)
Biller & Kimble, LLC
3825 Edwards Road, Suite 650
Cincinnati, OH 45209
Telephone: (513) 715-8711
Facsimile: (614) 340-4620
*akimble@billerkimble.com*

www.billerkimble.com

*Counsel for Plaintiff*

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Julia Bavaro and Nathan Blose, *on behalf of themselves and those similarly situated*, <br><br>　　　　　　Plaintiffs, <br><br>v. <br><br>JC Washington, *et al.*, <br><br>　　　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 2:18-cv-00982-RCM |

**MEMORANDUM IN SUPPORT OF**
**THE PARTIES' MOTION FOR SETTLEMENT APPROVAL**

1. **Introduction**

The parties seek the Court's approval of this wage and hour settlement because it is fair, adequate, and reasonable. Upon the Court's approval, the parties ask that this Court dismiss the case in its entirety and with prejudice as to Plaintiffs Julia Bavaro, Nathan Blose, Maegan Fumich, and Charles Morris (collectively, "Plaintiffs").[1] The parties request that the Court retain jurisdiction to enforce the terms of the Settlement Agreement reached between the parties.

2. **Background of the Lawsuit**

Plaintiffs delivered pizzas for Domino's franchised restaurants owned and operated by Defendants JC Washington, Inc. and JC Northern Pike, LLC. Plaintiffs brought this case on behalf

---

[1] Plaintiffs Maegan Fumich and Charles Fumich retained Plaintiffs' Counsel following the Court's Order compelling individual arbitration of the claims initially brought by Plaintiffs Julia Bavaro and Nathan Blose. Plaintiffs Maegan Fumich and Charles Fumich entered into similar arbitration agreements with Defendants and, therefore, the parties negotiated a global resolution on behalf of all four delivery drivers in this case.

of themselves and similarly situated drivers to recover unpaid wages under the Fair Labor Standards Act ("FLSA") and Pennsylvania law.[2]

The primary claim in this lawsuit is that Defendants paid Plaintiffs at or below the applicable minimum wage and, at the same time, required them to pay for their own delivery expenses like vehicle maintenance, insurance, vehicle wear and tear, etc. Plaintiffs maintain that employers must reimburse their employees for these costs. *See* 29 CFR 531.35.

Here, Plaintiffs allege that they were paid a tip credit minimum wage rate while on the road making deliveries, and were received a flat reimbursement payment for each delivery they completed, such as $1.50 per delivery. *See* Doc. 3 at ¶¶ 151-158.

Plaintiffs allege that this policy violates the FLSA and Pennsylvania wage law because Defendants are allegedly required to reimburse either for actual expenses incurred, with corresponding records kept of those expenses and reimbursements, or at the IRS standard business mileage rate (which was between $0.535 and $0.545 during the relevant time period). *See, e.g.,* DOL Handbook § 30c15(a); *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2018 WL 5800594, *4 (S.D. Ohio Nov. 6, 2018).

Defendants claim that they are not required to reimburse at the IRS rate or reimburse actual expenses, but instead may reasonably approximate the expenses associated with employees' use of their personal vehicles, have adequately reimbursed the delivery drivers for their expenses, and have at all times paid them properly. *See, e.g., Perrin v. Papa John's Int'l, Inc.*, 114 F. Supp. 3d 707, 721 (E.D. Mo. 2015) (citing 29 C.F.R. § 778.217).

---

[2] As part of the settlement in this matter, Plaintiffs agreed to dismissal of the class and collective allegations of their Complaint, with prejudice. See Ex. 1 at 6, Sec. E.(12)(a).

Plaintiffs also allege that they were paid a tipped minimum wage while performing non-tipped duties inside the store, in violation of the FLSA and Pennsylvania law. *See* Doc. 3 at ¶¶ 155-157.

Defendants, on the other hand, deny Plaintiffs' claims entirely, deny any wrongdoing whatsoever, disagree with Plaintiffs' interpretation of the law, and assert that Plaintiffs were compensated in compliance with the FLSA and Pennsylvania law at all times.

Shortly after this case was filed, Defendants moved to compel arbitration. In May 2018, the Supreme Court held that class action waivers in arbitration agreements did not violate the NLRA, in *Lewis v. Epic Systems*, 138 S.Ct. 1612 (2018). As such, the Court stayed the matter pending pre-arbitration negotiations.

The parties reached the settlement currently pending before the Court during several negotiations conducted by telephone from January to April 2019. Since then, the parties agreed on the terms of the settlement agreement attached hereto as Exhibit 1.

### 3. Summary of Plaintiffs' Claims and Total Possible Damages

Defendants provided Plaintiffs' counsel with data and records related to the miles driven by, and reimbursement paid to, Plaintiffs. Defendants also provided customer addresses for deliveries completed by Plaintiffs to validate the mileage data provided. From there, Plaintiffs used an estimated IRS standard business mileage rate of $.55 per mile to calculate Plaintiffs' approximate damages. Finally, Defendants provided Plaintiffs with the number of inside hours worked and applicable rate of pay. The calculations are:

| Plaintiff | Miles Driven | Reimbursement Paid | Alleged Unpaid Wages between $.55 per mile and Reimb. Paid |
|---|---|---|---|
| Julia Bavaro | 9869.73 | $2,786.00 | $2,642.35 |
| Nathan Blose | 4119.5 | $1,735.50 | $530.23 |
| Maegan Fumich | 30,283.87 | $13,660.34 | $2,995.79 |
| Charles Morris | 16,075.03 | $7,361.40 | $1,479.87 |

| Plaintiff | Inside Hours Worked and Rate of Pay | Alleged Unpaid Wages for Inside Hours |
|---|---|---|
| Julia Bavaro | 628.05 hours @ $6.00/hour | $785.06 |
| Nathan Blose | 160.40 hours @ $6.00/hour | $200.50 |
| Maegan Fumich | 1,419.85 hours @ $6.50/hour | $1,064.89 |
| Charles Morris | 521.65 hours @ $6.00/hour | $652.06 |

As a result, by Plaintiffs' calculations and if they were to prevail at arbitration on all claims, and if damages were calculated at the IRS standard business mileage rate, they would be collectively owed a total of $10,350.74 in unpaid wages. In addition, under the FLSA, Plaintiffs assert that they are also entitled to liquidated damages. 29 U.S.C. § 260. Finally, Plaintiffs assert they are entitled to liquidated damages of 25% under the Pennsylvania Wage Payment and Collection Law ("WPCL"). *See, e.g., Goodwin v. Visiting Nurse Ass'n Home Health Services*, 831 F.Supp. 449 (E.D. Pa. 1993). The applicability of the additional damages amounts would have

depended on the arbitrator's decision as to whether all forms of additional damages should "stack" on top on one another, or if they are only available in the alternative. *See, e.g., Evans v. Loveland Automotive Investments, Inc.*, 632 Fed. Appx. 496, 498 (10th Cir. 2015); *see also Chowdhury v. Hamza Express Food Corp, et al.,* No 15-3142 (2d Cir. Dec. 7, 2016) (denying stacking of FLSA and New York Labor Law damages). As such, under the approximated IRS standard business mileage rate, Plaintiffs' collective total possible, best-case-scenario recovery would be:

$10,350.74 in unpaid wages

$10,350.74 in FLSA liquidated damages

$2,587.69 under WPCL

The total amount would be $23,289.17. If it was ultimately determined that Defendants complied with the FLSA and Pennsylvania law, obviously, Plaintiffs would not be entitled to anything.

In addition to the above unpaid wages and damages, Plaintiffs have also incurred over $13,000 in attorneys' fees and $406.00 in costs. They would be entitled to these amounts, and any additional amounts accrued, if they prevailed at arbitration.

The resolution of these issues would require the arbitrator ruling as a matter of law the IRS standard business mileage rate applies, or it would require a battle of the experts regarding the appropriate "reasonable approximation" of Plaintiffs' expenses. This would have been a time-consuming and costly exercise.

4.  **Summary of Settlement Terms**

The parties have agreed to settle this matter for a total of $21,756.74. This settlement is fair, adequate, and reasonable because it provides substantial compensation to Plaintiffs, but also recognizes the risk, uncertainty, and expense of going forward with arbitration.

From this settlement amount, the Plaintiffs will be paid their approximate alleged unpaid wages, calculated at the mileage rate of $.55 per mile, plus the difference between the FLSA minimum wage and their inside rate for inside hours worked. As such, Bavaro will receive $3,096.74, Blose will receive $575.29, Fumich will receive $4,465.06, and Morris will receive $2,213.65. In addition, Defendants will pay attorneys' fees in the amount of $11,000 and costs in the amount of $406.00. In exchange, Plaintiffs will dismiss this lawsuit with prejudice as to them only, leaving other employees to pursue their claims separately if they so desire.

The parties' settlement agreement is attached hereto as Exhibit 1.

**5. The Standard for Settlement Approval**

When a current or former employee alleges a violation of the FLSA, either the Secretary of Labor must oversee the payment of unpaid wages, or if the employee brings a private action and the parties settle the matter, a district court may enter a stipulated judgment after evaluating the parties' settlement terms for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-1353 (11th Cir. 1982). The "threshold question whether the proposed Agreement resolves a bona fide dispute." *Kraus v PA Fit II, LLC*, 155 F.Supp.3d 516, 530 (E.D. Pa. 2016). A dispute is "bona fide" where it involves "factual issues rather than legal issues such as the statute's coverage and applicability." *Creed v. Benco Dental Supply Co.*, No. 12-01571, 2013 WL 5276109, at *1 (M.D. Pa. Sept. 17, 2013). A proposed settlement resolves a bona fide dispute where the settlement's terms "reflect a reasonable compromise over issues, such as…back wages, that are actually in dispute." *Lynn's Food*, 679 F.2d at 1355. "[T]o approve an 'agreement' between an employer and employees outside of the adversarial context of a lawsuit brought by the employees would be in clear derogation of the letter and spirit of the FLSA." *Id*. at 1354. Thus, "[i]n essence, for a bona fide dispute to exist, the dispute must fall within the contours of the FLSA and there

must be evidence of the defendant's intent to reject or actual rejection of that claim when it is presented." *Kraus*, 155 F.Supp.3d at 530.

### 5.1. The Settlement is the Product of a Bona Fide Dispute.

In this case, Plaintiffs' success on the under-reimbursement claim was not certain. Both parties could present arguments to support a wide range of reimbursement rates as properly applicable here. Some of those arguments are purely legal in nature (*i.e.*, whether the IRS reimbursement rate applies), but some could require expert testimony. Additionally, Plaintiffs' claim regarding inside work would be subject to extensive litigation based on a recently-issued USDOL opinion letter regarding this subject. As it is, Plaintiffs are receiving allegedly unpaid wages, plus some but not all of the additional damages they are possibly entitled to.

### 5.2. The Settlement is Fair, Reasonable, and Adequate.

Given the complexity of the legal and factual questions before the arbitrator, the considerable time and expense required to litigate those questions, and the uncertainty of success, the settlement is fair, adequate, and reasonable. Continued litigation would have required substantial discovery, expense, and likely expert testimony. The settlement provides a benefit to Plaintiffs and avoids the time, expense, and uncertainty of moving forward with their claims through the arbitration process.

### 5.3. The Nature of Negotiations.

The parties reached the above settlement after numerous discussions, exchanges of information, and several demands and offers. The parties negotiated at arm's length, through a multi-step process.

Defendants provided records of the miles driven and reimbursements paid to Plaintiffs, as well as hours worked inside the stores and rate of pay information, which the parties agreed were

an accurate reflection of Plaintiffs' employment. From there, Plaintiffs' counsel requested individual delivery data to confirm the mileage and reimbursement records produced. Plaintiff's Counsel then confirmed the validity of the data production, and calculated the damages models discussed above.

Once the validity of the data was confirmed, the parties' counsel engaged in numerous phone calls, email communications, and a phone conference to arrive at the final settlement amount and terms. Through the parties' efforts, the parties were able to reach the resolution now presented to the Court. This non-collusive, arms-length process allowed the parties to achieve a fair settlement agreement.

### 6. The Payment of Attorneys' Fees is Reasonable.

Under the terms of the settlement agreement, Plaintiffs are entitled to an attorney's fee award of $11,000 and reimbursement of expenses in the amount of $406. Given the length of time this dispute has been going on, Plaintiffs' counsel have incurred substantially more than this amount in actual attorney time on the case—approximately $13,000. However, given the substantial benefit this settlement provides to the four delivery drivers who have been litigating their dispute for nearly a year, Plaintiffs' counsel is willing to accept a discount on their attorneys' fees. As such, under the circumstances, the attorneys' fee and costs award is reasonable

### 7. Conclusion

The parties ask that the Court grant final approval to the parties' Settlement Agreement and dismiss the lawsuit in its entirety upon approval and with prejudice as to Julia Bavaro, Nathan Blose, Maegan Fumich, and Charles Morris, but retain jurisdiction to enforce the terms of the settlement agreement.

| | |
|---|---|
| */s/Andrew Biller (via email authorization)* | */s/ Matthew R. Korn* |
| Gregory G. Paul (PA ID #83334) | Matthew R. Korn (admitted *pro hac vice*) |

100 First Ave., Suite 1010
Pittsburgh, PA 15222
(412) 259-8375
(888) 822-9421 (fax)
Gregpaul@morgan-paul.com

Andrew R. Biller (0081452)
Biller & Kimble, LLC
4200 Regent Street, Suite 200
Columbus, OH 43219
Telephone: (614) 604-8759
Facsimile: (614) 340-4620
*abiller@billerkimble.com*

Andrew P. Kimble (0093172)
Biller & Kimble, LLC
3825 Edwards Road, Suite 650
Cincinnati, OH 45209
Telephone: (513) 715-8711
Facsimile: (614) 340-4620
*akimble@billerkimble.com*

www.billerkimble.com

*Counsel for Plaintiffs*

Fisher & Phillips LLP
1320 Main St., Suite 750
Columbia, SC 29201
Telephone: (803) 255-0000

Heather Steele
Fisher & Phillips LLP
150 N. Radnor Chester Road
Suite C300
Radnor, Pennsylvania 19087
Telephone: (610) 230-2134

*Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Julia Bavaro and Nathan Blose,<br><br>*on behalf of themselves and those similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>JC Washington, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 2:18-cv-00982-RCM<br>)<br>)<br>)<br>)<br>)<br>) |

## Certificate of Service

Defendants' counsel certifies that a copy of the foregoing will be automatically served on all parties via the Court's ECF system.

*/s/ Matthew R. Korn*
Fisher & Phillips LLP
Counsel for Defendants