IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Julia Bavaro and Nathan Blose, )<br>)<br>*on behalf of themselves and those* )<br>*similarly situated,* )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JC Washington, *et al.*, )<br>)<br>Defendants. ) | Case No. 2:18-cv-00982-RCM |

[PROPOSED] ORDER GRANTING SETTLEMENT APPROVAL

Before the Court is the Parties' Joint Motion to Reopen the above-captioned proceedings and for final approval of a Fair Labor Standards Act and Pennsylvania wage law settlement. For the reasons stated below, the Court grants the Parties' motion.

**I.   Background**

This case was filed as a wage and hour lawsuit brought on behalf of a class of pizza delivery drivers. *See* Doc. 3. Plaintiffs allege that (1) Defendants under-reimbursed Plaintiffs for their expenses related to using their own vehicles to deliver pizzas; and (2) improperly paid them a tipped wage rate for hours spent working in a non-tipped capacity. *See* Doc. 3, ¶¶ 151-158. Plaintiffs bring their claims under the Fair Labor Standards Act and analogous state wage and hour laws. *Id.* at ¶¶ 228-259. Defendants deny Plaintiffs' allegations and claim they paid them properly.

Shortly after the case was filed, Defendants presented Plaintiffs with arbitration agreements that they allegedly signed, which purported to require each Plaintiff to pursue his/her claim through individual arbitration. In response, Plaintiffs agreed to stay this case and pursue arbitration. The

1

parties' Joint Motion to Stay and Compel Arbitration was granted on September 18, 2018. Doc. 13.[1]

After exchanging and verifying mileage and reimbursement data over several months, the parties reached a settlement.[2] They now ask the Court to approve their settlement agreement, as required under the FLSA.

## II. Analysis

### a. The parties' settlement is fair and reasonable.

When a current or former employee alleges a violation of the FLSA, either the Secretary of Labor must oversee the payment of unpaid wages, or if the employee brings a private action and the parties settle the matter, a district court may enter a stipulated judgment after evaluating the parties' settlement terms for fairness. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-1353 (11th Cir. 1982). In evaluating an FLSA settlement, the threshold question whether the proposed Agreement resolves a bona fide dispute." *Kraus v PA Fit II, LLC*, 155 F.Supp.3d 516, 530 (E.D. Pa. 2016). A dispute is "bona fide" where it involves "factual issues rather than legal issues such as the statute's coverage and applicability." *Creed v. Benco Dental Supply Co.*, No. 12-01571, 2013 WL 5276109, at *1 (M.D. Pa. Sept. 17, 2013). A proposed settlement resolves a bona fide dispute where the settlement's terms "reflect a reasonable compromise over issues, such as...back wages, that are actually in dispute." *Lynn's Food*, 679 F.2d at 1355. "[T]o approve an 'agreement' between an employer and employees outside of the adversarial context of a lawsuit brought by the employees would be in clear derogation of the letter

---

[1] Plaintiffs Maegan Fumich and Charles Fumich retained Plaintiffs' Counsel following the Court's Order compelling individual arbitration of the claims initially brought by Plaintiffs Julia Bavaro and Nathan Blose. Plaintiffs Maegan Fumich and Charles Fumich entered into similar arbitration agreements with Defendants and, therefore, the parties negotiated a global resolution on behalf of all four delivery drivers in this case.

[2] As part of the settlement, Plaintiffs agreed to dismissal of the class and collective allegations of their Complaint, with prejudice.

2

and spirit of the FLSA." *Id.* at 1354. Thus, "[i]n essence, for a bona fide dispute to exist, the dispute must fall within the contours of the FLSA and there must be evidence of the defendant's intent to reject or actual rejection of that claim when it is presented." *Kraus*, 155 F.Supp.3d at 530. As described below, the proposed settlement meets this standard.

Plaintiffs are pizza delivery drivers who claim they were under-reimbursed for delivery-related expenses in violation of the FLSA and analogous Pennsylvania wage laws. Doc. 3. Plaintiffs allege they were reimbursed between $1.00 and $1.50 per delivery, no matter how many miles the drove to complete the delivery. Doc. 3, at ¶¶ 158, 181. As such, Plaintiffs claim they were reimbursed between $.18 and $.30 per mile for the duration of their employment. Plaintiffs claim Defendants are required to reimburse either for actual expenses incurred, with corresponding records kept of those expenses and reimbursements, or at the IRS standard business mileage rate (which was between $0.535 and $0.545 during the relevant time period). *See, e.g.,* DOL Handbook § 30c15(a); *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2018 WL 5800594, *4 (S.D. Ohio Nov. 6, 2018). Defendants deny Plaintiffs' allegations, claim that they are not required to reimburse at the IRS rate or reimburse actual expenses, but instead may reasonably approximate the expenses associated with employees' use of their personal vehicles, have adequately reimbursed delivery drivers for their expenses, and have at all times paid them properly. *See, e.g., Perrin v. Papa John's Int'l, Inc.*, 114 F. Supp. 3d 707, 721 (E.D. Mo. 2015) (citing 29 C.F.R. § 778.217).

Plaintiffs also allege that they were paid a tipped minimum wage while performing non-tipped duties inside the store, in violation of the FLSA and Pennsylvania law. *See* Doc. 3 at ¶¶ 155-157. Defendants, on the other hand, deny Plaintiffs' claims entirely, deny any wrongdoing

3

whatsoever, disagree with Plaintiffs' interpretation of the law, and assert that Plaintiffs were compensated in compliance with the FLSA and Pennsylvania law at all times.

The parties' settlement requires Defendants to pay a total of $21,756.74 in exchange for a release of Plaintiffs' claims raised in the lawsuit arising out of mileage under-reimbursement and the dual jobs claim. From this settlement, and pursuant to each Plaintiff's fee agreement with his/her counsel, Plaintiffs' counsel will be paid $11,000.00 in attorneys' fees and will be reimbursed advanced expenses in the amount of $406.00.

The settlement was the result of a bona fide dispute. Defendants claim they paid Plaintiffs properly at all times. Resolution of the reimbursement rate question would have required summary judgment briefing and possibly expert testimony. The parties disagree on the proper methodology for determining minimum wage compliance under the FLSA and Pennsylvania wage law. The possible outcomes for Plaintiffs, by their own calculations, ranged from $0 if Defendants were found to have paid him properly to a maximum of approximately $23,289.17 if all factual and legal issues were decided in their favor. The Court is satisfied that there was a bona fide dispute between the parties.

The settlement is fair, adequate, and reasonable. The settlement provides Plaintiffs with a substantial recovery relatively early in the proceeding, without having to spend the substantial time and resources necessary to see the case through to an arbitration trial, and without the risk of being awarded nothing. Under the circumstances, the settlement is fair, adequate, and reasonable. Finally, there is nothing to suggest that the settlement was not reached through arms-length negotiation.

  b. **The payment of attorneys' fees and costs is reasonable.**

4

Under the terms of Plaintiffs' agreement with counsel, Plaintiffs' counsel is entitled to reasonable attorneys' fees awarded through settlement. Here, Plaintiffs' counsel seeks less than their lodestar of greater than $13,000 in attorneys' fees, plus $406.00 in advanced expenses. The Court finds payment of these attorneys' fees and costs to be reasonable.

### III. Conclusion

In light of the foregoing, the Court ~~re-opens this matter~~ *lifts the stay of 09/08/2018 (doc. no. 13)* and approves the parties' FLSA and Pennsylvania wage law settlement agreement. This case is dismissed with prejudice as to Julia Bavaro, Nathan Blose, Maegan Fumich, and Charles Morris, with the Court retaining jurisdiction to enforce the terms of the settlement agreement. The parties are now directed to fulfill their obligations under the agreement. *Said case remains CLOSED.*

July 22, 2019
Date

Hon. Judge Arthur J. Schwab